IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES R. WASHINGTON,

                Plaintiff,                OPINION AND ORDER

v.

                                            23-cv-207-wmc

JEFFREY SULLIVAN,

                Defendant.

---

      Representing himself, plaintiff James Washington was granted leave to proceed on an Eighth Amendment deliberate indifference claim against defendant Jeffrey Sullivan.[1] Now before the court is defendant's motion to dismiss this case for failure to prosecute his claim, including failing to meet this court's deadlines. (Dkt. #35.) Instead, plaintiff filed a motion for a *fifth* extension of time. (Dkt. #37.) For the reasons explained below, the court must deny this latest motion and grant defendant's motion to dismiss with prejudice.

      As background, Sullivan originally moved for summary judgment in February 2025 (dkt. #22), and the court initially extended plaintiff's response brief deadline *three* separate times, ultimately through May 16, 2025. (Dkts. ##30, 32, 34.) In his third motion for an extension of time, Washington represented that he just needed a seven-day extension, ostensibly so he could file his response brief, which was on a USB drive. (Dkt. #33.) In granting Washington's third motion for an extension of time, the court allowed him a ten-day extension but warned him that it would grant "no further extensions of time absent

---

[1] The court also granted Washington leave to proceed on a state-law negligence claim against Sullivan (dkt. #8, at 4), but the court later granted Sullivan's motion to dismiss that claim on statute of limitations grounds. (Dkt. #17.)

a showing of good cause." (Dkt. #34.)  Even with these extensions of time, Washington still failed to file a response brief.

On June 6, therefore, Sullivan filed his motion to dismiss the case for failing to follow this court's deadlines.  In response, the court nevertheless allowed plaintiff one more chance, until June 30, 2025, to file his response brief, explicitly warning plaintiff that, if he did "not respond by that deadline, the court will grant defendant's motion and dismiss this lawsuit for want of prosecution.  Any dismissal will be **with prejudice** because defendant has gone to the trouble of moving for summary judgment."  (Dkt. #36 (emphasis original).)

Instead of finally filing a response brief, plaintiff now moves for a fifth extension of time, asserting good cause warrants another extension. (Dkt. #37.)  In particular, plaintiff points to his long-running dispute with the Green Bay Correctional Institution law librarian David Brooks, who plaintiff asserts gave him a "deadline pass" on a Friday before a Monday deadline in this case, making it impossible for him to meet his deadline and requiring him to file motions for extensions of time.  (*Id.* at 3.)  Confusingly, plaintiff specifically asserts that he received a deadline pass (he may mean a deadline pass *request*) on June 20, 2025, but he also asserts he has not learned when he will get a pass.  He further asserts that his law library access is limited because of training days, power outages, and construction.  Finally, plaintiff asserts that Brooks has denied him access to a USB drive containing his documents.

Federal Rule of Civil Procedure 6(b)(1) provides that a court *may* extend a deadline for good cause.  The good cause standard "primarily considers the diligence of the party

2

seeking amendment" of a deadline. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (discussing "good cause" in the context of Fed. R. Civ. P. 16(b)). However, the circumstances of this case show that there is no good cause to further extend plaintiff's deadline. *See Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 593 (7th Cir. 2012) (in reviewing district court's decision to grant or deny a request for an extension of time "we look not just at the request itself but also at what led up to the request") (quotation marks omitted). Importantly, the court has already allowed plaintiff an additional 115 days, and 145 days total, to respond to defendant's straightforward motion for summary judgment -- an exorbitant amount of time for a relatively simple case with *one* claim against *one* defendant. Moreover, plaintiff has generally shown a lack of diligence in litigating this case when the court granted him an extension of time to respond to defendant's motion to dismiss (dkts. ##13, 14), but he also never responded to that motion.

In fairness to plaintiff, he asserts that his attempts to get a deadline pass to use the law library have been frustrated by librarian Brooks. However, plaintiff's own grievances suggest that he has not been diligent in seeking library access. Indeed, in a June 12 information request, he complains that he has been waiting "at least eight or nine days" to receive a deadline request (dkt. #37-12), which suggests that he did not seek such a pass until weeks after his May 16 deadline had passed.[2] Further, plaintiff's motion for an

---

[2] Although plaintiff also filed an institutional complaint about Brooks denying him a deadline pass in March 2025, the institutional response states that plaintiff received but never returned the law library deadline form. (Dkt. #37-9.) Even if plaintiff now disputes this, he still had months to file his response to defendant's summary judgment motion.

3

extension of time itself belies his asserted lack of law library access, as he references multiple, relevant cases while arguing that he is being denied access to the courts. (Dkt. #37, at 2.) He also acknowledged in an earlier motion for an extension of time that he had law library access a few days per week (albeit for just 50 minutes at a time). (Dkt. #33.) Finally, as concerning is plaintiff's assertion now that Brooks is denying him access to his USB drive containing documents relevant to this case, he only raised that issue for the first time in his request for a fifth motion for an extension of time. (Dkt. #37, at 7.)

The court has warned plaintiff that it would grant no further extension of time absent a showing of good cause (dkt. #34), and that if plaintiff did not respond by the June 30, 2025, deadline, the court would dismiss his case with prejudice. (Dkt. #36.) While the court disfavors deciding cases on procedural grounds and not reaching the merits, plaintiff's still ongoing, repeated delays requires denying his request for a fifth extension of time and granting defendant's motion to dismiss this case *with prejudice*, having repeatedly failed to respond to defendant's motion for summary judgment as he was ordered by this court. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."); *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) ("We could fill page after page with citations to cases brought by prisoners that were dismissed for failing to follow court rules or deadlines.").

Frustratingly, if plaintiff had just used his time to respond to defendant's motion for summary judgment instead of moving for yet a fifth extension of time, this case could be proceeding towards a resolution on the merits. Instead, for the reasons explained above,

4

the court will deny plaintiff's motion for an extension of time and grant defendant's motion to dismiss.

ORDER

IT IS ORDERED that:

1) Plaintiff James Washington's motion for an extension of time (dkt. #37) is DENIED.

2) Defendant Jeffrey Sullivan's motion to dismiss (dkt. #35) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

Entered this 2nd day of July, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge